FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAI A. GOULSBY,<br><br>        Plaintiff,<br><br>    v.<br><br>EAN HOLDINGS, LLC; and HEATHER ROPER,<br><br>        Defendants. | No. 4:25-cv-05053-SAB<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

      Plaintiff Rai A. Goulsby, an individual currently incarcerated at the Washington State Penitentiary, filed a *pro se* Complaint on April 30, 2025. ECF No. 1. Plaintiff asserts breach of contract, breach of implied covenant of good faith, and reckless infliction of emotional distress claims against Defendants stemming from a rental car agreement that he entered in 2016, his arrest in 2018, and trial in 2019. ECF No. 1 at 1–10. Plaintiff seeks compensatory and punitive damages, and asks for a jury trial. *Id*. at 9–10. By separate Order the Court has granted Plaintiff leave to proceed *in form pauperis*. Defendants have not been served.

ORDER OF DISMISSAL WITHOUT PREJUDICE -- 1

# DISCUSSION

Federal courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court presumes a civil action lies outside its limited jurisdiction and the burden to prove otherwise rests on the party asserting that jurisdiction exists. *Id*. Federal courts have two types of subject matter jurisdiction: (1) federal question and (2) diversity. 28 U.S.C. §§ 1331, 1332.

Plaintiff asserts that this Court has subject matter jurisdiction over this action based on diversity, "since EAN Holdings, LLC is a Missouri citizen, Plaintiff is a Washington citizen, and the amount in controversy exceeds $75,000, 28 USC sec 1332(a)." ECF No. 1 at 1. Courts are obligated to consider *sua sponte* issues regarding subject-matter jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Therefore, the court must determine whether it has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a).

United States District Courts have original subject-matter jurisdiction over cases between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A plaintiff invoking a federal court's diversity jurisdiction has the burden of establishing that § 1332(a)'s diversity of citizenship and amount-in-controversy requirements have been satisfied. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). For a case to qualify for federal jurisdiction under § 1332, there must be complete diversity of citizenship between the opposing parties—in other words, all of the plainitffs must be citizens of different states than all of the defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 ... requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004).

ORDER OF DISMISSAL WITHOUT PREJUDICE -- 2

Here, Plaintiff states that he is a resident of Spokane, Washington, and Defendant Roper, at all times mentioned in the Complaint, was a store manager in Spokane Valley, Washington. ECF No. 1 at 2. Thus, Plaintiff's action lacks complete diversity of citizenship, and this Court does not have subject matter jurisdiction to proceed. No other basis for subject matter jurisdiction exists for this case to proceed in federal court.

Therefore, **IT IS ORDERED:**

1. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED**. The Clerk of Court is **DIRECTED** to enter this order, enter judgment, provide copies to Plaintiff, and **CLOSE** the file.

**DATED** this 6th day of June 2025.



Stan Bastian
Chief United States District Judge

ORDER OF DISMISSAL WITHOUT PREJUDICE -- 3